On Motion For Rehearing

FARMER, J.
Respondents’ motion for rehearing convincingly shows that our opinion misapprehended the “supermajority” voting requirement to overturn a decision relating to a proposed development. The opinion stated that it was the City Commission that was bound by the supermajority requirement, when in fact it was the Board of Adjustment. That is to say, to overrule a decision of the Zoning Administrator the Board of Adjustment could do so only by a vote of 5 of its 7 members. To the extent that the opinion rests on that misapprehension, it would be in error. We therefore grant rehearing to consider the precise effect of this misapprehension.
The opinion had two foundations for its outcome, of which the supermajority issue was one alternative — and not even the principal one at that. In fact the primary basis was that the City’s land development regulations (LDR) were ambiguous. Construing the regulations to have their most likely meaning, we concluded that the Zoning Administrator’s construction of the applicable ordinances was the proper interpretation. That is to say, the zoning administrator resolved the ambiguity by holding that the LDR allowed storage facilities near railroads as a permitted use not subject to LDR section 47-18.29B. And it is clear that the Board of Adjustment (Board) agreed with that interpretation, affirmatively voting to approve it. It was only after the Board’s approval of this interpretation that the City Commission attempted to overturn the Board of Adjustment. The real issue thus centers on the precise role specified in the City’s laws for further review of an interpretive decision of the Board and whether such provisions include review by the City Commission in such matters.
When the Zoning Administrator initially approved the application, a neighbor protested the construction of the LDR and appealed the Zoning Administrator’s interpretation to the Board of Administration. The Board stated that the issue before it was:
“Where the Appellant sought a variance from the Board under Sec. 47.24.12B (Appeal of Interpretation) — Appealing Zoning Administrator’s interpretation that a self-storage facility is permitted as a principal use in the RAC-CC zoning district when contiguous to or separated by no more than a 60' public right-of-way from a railroad right-of-way and is not subject to Sec. 47-18.29B.”
Hence there can be no doubt that the matter involved a request from an affected property owner for a Board interpretation of the LDR provisions specified in the quotation above.
LDR section 47-24.12B.8 provides that:
“Appeal. Any person who is a party to the appeal under this section and who is aggrieved by the decision of the board of adjustment therein may seek review of such decision in the circuit court by filing a petition for a writ of certiorari within the time prescribed by court rules.”
*13 We interpret this provision to mean that farther review of a question of interpretation is intended to be submitted to the courts, unless another part of the LDR vests the City Commission with jurisdiction to consider an appeal of the Board’s interpretive decision. But LDR section 47-26A.2.A states that:
“If an application for development permit is approved ... and the ULDR provides for city commission request for review (“CRR”) as shown in Table 1 of Section Í7-24- ... or other provision of the ULDR, the city commission may adopt a motion to set a hearing to review the application if it is found that the new project is in an area which due to characteristics of the project and surrounding area requires additional review in order to ensure that development standards and criteria have been met and to ensure that the area surrounding the development is protected from the impacts of the development.” [e.s.]
Table 1 of section 47-24 reveals that further review for an issue of interpretation of the LDR is provided only by “appeal” in certiorari to the circuit court. Consequently it is clear that the City’s LDR Table 1 of Section 47-24 does not provide for further review within the City itself of a decision of the Board interpreting the LDR. Therefore, we conclude that the City Commission’s review of the decision of the Board was not authorized by the City’s own laws and is itself perforce a departure from the essential requirements of law.
Accordingly upon rehearing, we confirm our original decision to quash the orders under review.
TAYLOR and MAY, JJ., concur.